FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 8 2020

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Cr. No. 20-639 JB
)
JOHNNY BLACK, )
)
    Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, JOHNNY BLACK, and the Defendant's counsel, Margaret Katze:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to be prosecuted by indictment;

    b. to plead not guilty, or having already so pleaded, to persist in that plea;

    c. to have a trial by jury; and

    d. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2)        to be protected from compelled self-incrimination,

        3)        to testify and present evidence on the Defendant's own behalf, and

        4)        to compel the attendance of witnesses for the defense.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to Counts 1 and 2 of the information, charging a violation of 18 U.S.C. § 924(c)(1)(A)(2) in Count 1, that being Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence and charging a violation of 18 U.S.C. § 3 in Count 2, that being Accessory after the Fact.

### SENTENCING

4.    The Defendant understands that the minimum and maximum penalty provided by law for these offenses are:

Count 1 – Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence:

    a.    imprisonment for a period of not less than seven years up to life;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.    a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be

               returned to another period of incarceration and a new term of supervised release.);

    d.     a mandatory special penalty assessment of $100.00; and

    e.     restitution as may be ordered by the Court.

Count 2 – Accessory After the Fact:

    a.     imprisonment for a period of not more than fifteen years;

    b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.     a term of supervised release of not more than three years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.     a mandatory special penalty assessment of $100.00; and

    e.     restitution as may be ordered by the Court.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.     The parties are aware that the Court will decide whether to accept or reject this plea agreement.  The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.  Pursuant to Federal Rule of Criminal Procedure

11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

### Count 1: 18 U.S.C. § 924(c)(1)(A)(2), that being, Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence

| | |
|---|---|
| *First*: | The Defendant committed the crime of Assaulting a Federal Officer, under 18 U.S.C. § 111, which is a crime of violence; |
| *Second*: | The Defendant used, possessed and brandished a firearm; |
| *Third*: | During and in relation to Assaulting a Federal Officer. |

### Count 2 : 18 U.S.C. § 3, that being, Accessory After the Fact

| | |
|---|---|
| *First*: | The Defendant knew someone, or group of other individuals, had already committed the crime of Kidnapping Resulting in Death; |
| *Second*: | The Defendant then helped that person try to avoid being arrested, prosecuted or punished; |
| *Third*: | The Defendant did so with the intent to help that person avoid being arrested, prosecuted or punished. |

4

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On or about January 15, 2018, at 302 McKracken Ln. in Española, NM, Jane Doe was the victim of a homicide. I lived at that location, and participated in the effort to get rid of, or destroy, evidence related to the murder of Jane Doe in order to hinder or avoid apprehension by law enforcement. This included the removal and attempted destruction of the remains of Jane Doe's body. Eventually, I, along with others, took Jane Doe's remains to a secluded area outside of Velarde, NM. There we built two fire pits. In one, we burned items connected to the murder. In the other pit, we burned the body of Jane Doe. However, at some point we became concerned with the smoke that we could be discovered. My friends and I put the fires out and took the larger portions of Jane Doe's remains out of the fire pit. Later, we placed those remains in a large tool box and covered the top with concrete. We kept those remains of Jane Doe's body at 302 McKracken Ln. in Española, NM. Eventually, I

<u>again decided to get rid of Jane Doe's remains and buried the toolbox that contained her remains near a river near Española, NM.</u>

<u>On June 25, 2018, in Española, NM, I pointed a gun in a threatening manner at John Doe, a law enforcement officer. John Doe attempted to pull over a vehicle I was driving. I began taking evasive maneuvers and led John Doe on a high speed chase. I turned east onto Santa Cruz Rd off of Riverside Dr. in Española. Shortly after making the turn, I stuck a handgun through the sunroof and pointed it at John Doe with the purpose to threaten and intimidate John Doe. This can be seen on a video from John Doe's dashcam video recorder. John Doe backed off and we drove off, and I later fled the vehicle and escaped on foot. John Doe has a special law enforcement commission and was operating within his duties as such an officer at the time of the shooting.</u>

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. The United States and the Defendant recommend as follows:

      a.      The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 154-171 months of imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

      b.      If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.    Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be

admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

15. Both parties acknowledge the benefit of this plea agreement. Both parties agree not to seek a departure or variance from the specific sentence of 154-171 months of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the either part, in violation of this paragraph, should nevertheless seek a departure or variance, including a departure or variance from the guideline Criminal History Category, either party shall have the right to treat this plea agreement as null and void.

### RESTITUTION

16. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

17.   No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## FORFEITURE

18.   The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19.   The Defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the Defendant's right, title, and interest in the following assets and properties:

   a.   **Taurus 9mm handgun with serial number TCN86676**
   b.   **All ammunition seized at the time of Defendant's arrest**

20.   The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the

9

United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

23. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

24. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss the indictment.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information, and all other criminal behavior known by the United States at this time.

25. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

26. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

27. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

11

statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

28.   At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

29.   This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this  8th  day of  April , 2020.

JOHN C. ANDERSON
United States Attorney

Nicholas J. Marshall
Frederick T. Mendenhall III
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

12

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Margaret Katze
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Johnny Black
Defendant

13

# EXHIBIT A
## ADDENDUM TO PLEA AGREEMENT
### IN *UNITED STATES v. JOHNNY BLACK*, CR. NO. 20-639 JB

1.  This Addendum to the Plea Agreement contains additional terms of the Plea Agreement in *United States v. Johnny Black*, No. CR 20-639 JB, filed April 8th, 2020, and is incorporated in the Plea Agreement as if fully set forth therein.

2.  Defendant agrees to make a good faith effort to direct law enforcement in their attempts to recover the remains of Jane Doe. Failure to provide a good faith effort towards the recovery of the remains, regardless of whether the remains are ultimately recovered, would invalidate any other sentencing agreement, or permit the United States to withdraw from any agreement. If law enforcement is unable to locate the remains, that does not change this agreement. The Defendant's reasonable good faith effort is not tied to the outcome of law enforcement's search.

_____  
AUSA

4/8/20  
Date

_____  
Defendant

4-6-20  
Date

_____  
Defense Counsel

4-8-20  
Date

Reviewed By:

_____  
United States Magistrate Judge

4-8-2020  
Date